UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE E. ANDERSON, | No. C-12-6305 EMC (pr) |
|     Plaintiff, | |
|     v. | **ORDER OF DISMISSAL** |
| TINA HORNBECK; *et al.*, | |
|     Defendants. | |

This *pro se* civil action was filed on December 12, 2012, at which time the Court notified Plaintiff in writing that the action was deficient due to the failure to pay the filing fee or furnish a completed and signed court-approved *in forma pauperis* application. Specifically, Plaintiff was informed that her *in forma pauperis* application was deficient in that it did not have a certificate of funds signed by a prison official and did not have a copy of her prisoner trust account statement for the last six months. Plaintiff was advised that failure to pay the fee or file the application materials within thirty days would result in dismissal of the action. Plaintiff did not pay the filing fee or file a completed *in forma pauperis* application, and the deadline by which to do so has passed. The *in forma pauperis* application that she submitted with his complaint is **DENIED** because it did not include the certificate of funds and inmate trust account statement as required by 28 U.S.C. § 1915(a). (Docket # 3.) This action is **DISMISSED** for failure to pay the filing fee or submit a completed *in forma pauperis* application.

This action is dismissed for the separate and additional reason that a prisoner may not bring a civil rights action under 42 U.S.C. § 1983 to challenge a state court conviction. In her complaint, Plaintiff alleges that there were constitutional violations at her state criminal trial, asks for her case

to be reviewed and seeks a sentence reduction. A petition for writ of habeas corpus is the exclusive method by which Plaintiff may challenge her state court conviction or seek speedier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Normally the court would dismiss the civil rights complaint without prejudice to Plaintiff filing a petition for writ of habeas corpus, *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995), but that is not necessary here because Plaintiff already filed a petition for writ of habeas corpus that is pending in this Court, *Anderson v. Hornbeck*, C 10-155 SI.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: March 11, 2013

_____
EDWARD M. CHEN
United States District Judge